RECEIVED
USDC CLERK, CHARLESTON, SC

2006 DEC 19  A 11: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Roshad R. Dodd, #260650,           )    C/A No. 2:06-1459-GRA-RSC
                                   )
            Petitioner,            )
        -versus-                   )    **REPORT AND RECOMMENDATION**
                                   )
Jon Ozmint, Director of SCDC;      )
and Henry McMaster, Attorney       )
General of South Carolina,         )
                                   )
            Respondents.           )

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on Respondents' summary judgment motion filed on August 30, 2006. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, Roshad Dodd, #260650, is incarcerated at the Tyger River Correctional Institution of the South Carolina Department of Corrections pursuant to the Spartanburg County Clerk of Court's orders of commitment. The Spartanburg County Grand Jury indicted the Petitioner at the June 1997 term of General Sessions for murder (97-GS-42-2596) and at the August 1998 term for armed robbery (98-GS-42-4190). On December 17, 1998, Petitioner pled guilty to the lesser included offense of voluntary manslaughter and armed robbery pursuant to a plea negotiation. John M. Rollins, Esq. represented Dodd. On August 25, 1999, in a separate proceeding, the Honorable J. Derham Cole

1

sentenced Petitioner to confinement for two (2) twenty-one (21) year terms, running concurrently.

A timely Notice of Appeal was filed on Petitioner's behalf and an appeal was perfected by Melody J. Brown of the South Carolina Office of Appellate Defense. In the Final Brief of Appellant, counsel raised the following issue:

> Whether the circuit court lacked subject matter jurisdiction to accept appellant's guilty plea on armed robbery when the indictment failed to allege the necessary asportation element?

The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. <u>State v. Dodd</u>, Op. No. 2000-UP-313 (S.C. Ct. App. filed April 25, 2000). The remittitur was entered on May 12, 2000. The petitioner did not seek rehearing before the Court of Appeals pursuant to SCACR Rule 219 and 221 and therefore could not seek certiorari in either the South Carolina Supreme Court pursuant to SCACR Rule 226(c) and (d)(2) or the United States Supreme Court. The failure to seek a petition for rehearing made the action final on May 12, 2000, when the remittitur was entered.

Petitioner next made an application for post-conviction relief on January 4, 2001. App. p. 41. In the <u>pro se</u> application, he alleged that he received ineffective assistance of counsel based upon the following:

> The indictment shows that I possessed a gun when in fact I never had a gun on the night of the case. My attorney did not discuss my case with me

> or my family.  My attorney did not investigate the
> charges against me.  Mu guilty plea was not given
> free and voluntary.  I was not aware of the
> evidence against me.

App. p. 42.

On October 4, 2001, court-appointed counsel Rodney Richey made numerous amendments to the application.  App. p. 46-51.

On January 29, 2003, and evidentiary hearing was convened before the Honorable Donald Beatty, Circuit Court Judge. Petitioner was present and testified, represented by Richey. Testimony was also received from trial counsel Rollins and Sharon Hoke.  App. p. 61-101.  On June 3, 2003, Judge Beatty entered a written order denying the application for post-conviction relief in its entirety.  App. p. 103-109.

Petitioner appealed from the denial of state post-conviction relief and was represented by Acting Chief Attorney Joseph L. Savitz, III.  On April 21, 2005, a petition for writ of certiorari pursuant to SCACR Rule 227 was filed which presented the following issue:

> Plea counsel was ineffective for advising
> petitioner to plead guilty to armed robbery under
> the hand of one hand of all theory.

Petition, p. 2.  On August 20, 2005, the South Carolina Supreme Court entered its order that the petition for writ of certiorari was denied.  The remittitur was entered on September 12, 2005.

3

Petitioner brought this action on May 11, 2006.[1]

The following documents have been made part of the record here:

DIRECT APPEAL - State v. Dodd

1. Final Brief of Appellant.

2. Final Brief of Respondent.

3. Record on Appeal - 50 pages.

4. State v. Dodd, Op. No. 2000-UP-313 (S.C. Ct. App. filed April 25, 2000).

5. May 12, 2000 - Remittitur letter.

PCR APPEAL

6. Petition for Writ of Certiorari to the South Carolina Supreme Court.

7. Appendix.

8. Return of Respondents.

9. Letter Order Denying Certiorari

10. Remittitur Letter of September 12, 2005.

In the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserts he is being held in violation of the constitution for the following reasons:

1. Defense counsel failed to provide Dodd with effective assistance.

    a. Defense counsel provided Dodd with ineffective assistance of counsel when he allowed

---

[1] Plaintiff has been accorded the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his petition.

4

>him to plead guilty to armed robbery, even though Dodd had not participated in that crime. The record supports this claim in regards to co-defendants statements and a recounting of the facts of the case upon this court granting a more formal review.
>
>2.   Involuntary and unintelligent guilty plea.
>
>    a.   Trial counsel was ineffective where he failed to inform Dodd that where his armed robbery charge was dismissed due to lack of probable cause, he did not have to admit guilty to subject himself to self-incrimination or double jeopardy for his alleged crime.
>
>3.   Ineffective assistance of counsel.
>
>    a.   Dodd's trial counsel was deficient where he advised him to enter a plea of guilty to voluntary manslaughter and armed robbery in violation of his Sixth and Fourteenth Amendment rights where trial counsel failed to advise him of his entitlement to proper jury charges on his offense, failed to investigate and interview potential witnesses in conjunction with providing no adequate defense theory.

Petitioner was provided a copy of the Respondents' summary judgment motion on August 30, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner was granted extensions of time to respond and on November 21, 2006, he filed an opposition to the motion. Hence it appears consideration of the motion is appropriate.

## **DISCUSSION**

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244 (d)(1). 28 U.S.C. § 2244(2).

Here, Petitioner's conviction was finalized by the conclusion of direct review on May 12, 2000, the day the South Carolina Court of Appeals issued the remittitur following its opinion affirming Petitioner's convictions.[2]

From the issuance of the remittitur in the South Carolina Court of Appeals until January 4, 2001, when the petitioner filed his application for post-conviction relief, two hundred thirty seven (237) days had passed. Beginning on January 4, 2001, the period of limitations was tolled during the pendency of the PCR until the South Carolina Supreme Court issued the remittitur on September 12, 2005, after denying certiorari review on the PCR

---

[2] Normally, the ninety (90) day period for seeking certiorari from the United States Supreme Court on direct appeal is included in the time for finalization of conviction. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup.Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is ninety days).

Here, however, Petitioner's failure seek rehearing before the Court of Appeals within 21 days of it's denial, SCACR 221 (a), and thereafter his failure to seek discretionary review in the South Carolina Supreme Court within 30 days of the remittitur from the Court of Appeals, SCACR 226, precludes the possibility of seeking certiorari review by the United States Supreme Court, as there is not a ruling from the state's highest court on the issue. <u>See</u>, <u>e.g.</u>, S.Ct. R. 13(1) ("A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within ninety days after entry of the order denying discretionary review."). Since review by the United States Supreme Court is precluded by the failure to petition the South Carolina Supreme Court, the ninety (90) day time period is not included.

7

Order of Dismissal.

The delivery date of the instant petition was May 11, 2006, so an additional two hundred forty one (241) days of non-tolled time accrued after the disposition of the PCR. When the pre- and post-PCR time periods are aggregated, there were at least four hundred seventy eight (478) days of non-tolled time since Petitioner's period of limitations began to run on May 12, 2000. This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the respondents' motion for summary judgment be granted and this matter be dismissed as untimely under the AEDPA. 28 U.S.C. § 2244(d).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 19, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9